UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60864-CIV-GAYLES

JAMES WILLIE GRIFFIN,
                     Plaintiff,

        v.

BROWARD COUNTY SCHOOL BOARD
and MARK DORSETT,
                     Defendants.
                                                                    /

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*. Plaintiff James Willie Griffin, appearing *pro se*, has filed a Complaint against the Broward County School Board ("School Board") and Mark Dorsett, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA") [ECF No. 1]. Because the Plaintiff has moved to proceed *in forma pauperis* [ECF No. 3], the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon consideration, the Court finds that the Plaintiff's Complaint fails to state a claim upon which relief may be granted and shall therefore be dismissed.

## I.     BACKGROUND

According to the allegations in the Complaint, the Plaintiff was employed by the School Board as a carpenter. He was injured (his specific injury or its cause is not alleged) on July 29, 2009, and recovered slowly. On August 2, 2010, the School Board terminated his employment.

He filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on that same day. The EEOC mailed a Notice of Right to Sue letter to the Plaintiff's residential address via certified mail, return receipt requested, on January 4, 2016. The Plaintiff filed the instant Complaint on April 19, 2016. He brings claims under Title VII and the ADA against the Defendants,[1] alleging unlawful termination, failure to accommodate a disability, unequal terms and conditions of employment, retaliation, and providing negative references.

## II.    LEGAL STANDARD

To state a claim for relief, a pleading must contain, *inter alia*, a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court recognizes that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), but liberal construction cannot serve as a substitute to establishing a valid cause of action, *see GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

---

[1]    Although Mark Dorsett is named as a Defendant and given the title of "Manager," the Complaint contains no allegations pertaining to him or his actions.

### III.   DISCUSSION

To bring a viable claim for employment discrimination in violation of Title VII, a plaintiff must first exhaust administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Relatedly, a plaintiff alleging employment discrimination based on disability in violation of the ADA "must comply with the same procedural requirements to sue as exist under Title VII." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (citing 42 U.S.C. § 12117(a)). These procedural requirements involve two steps. First, the plaintiff must file a charge complaining about an allegedly unlawful employment practice with the EEOC within 180 days of the employment practice, *see* 42 U.S.C. § 2000e-5(e)(1), or within 300 days if the plaintiff first files a timely charge with a state or local agency in a "deferral state," such as Florida, *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262-63 (11th Cir. 2001) (per curiam). According to the Complaint, the Plaintiff filed his charge with the EEOC on the same day the School Board terminated his employment, so the Court accepts for the limited purpose of screening that the Plaintiff has met this first requirement.

Second, upon receiving a right-to-sue letter from the EEOC, the plaintiff may bring a civil action against the named respondents within ninety days by filing a complaint. *See* 42 U.S.C. § 2000e-5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229 (11th Cir. 2002) (explaining that filing an action within ninety days of receipt of a notice of right to sue from the EEOC is a condition precedent to bringing an action under Title VII, and a plaintiff bears the burden of showing he has met this requirement). Here, the Plaintiff's right-to-sue letter is stamped January 4, 2016. He does not dispute that the right-to-sue letter was mailed on that day, but does not allege when he **received** the letter. When the date of receipt of the right-to-sue letter is in dispute, the Eleventh Circuit applies a presumption of three days for receipt by mail, akin to the time period established in Federal Rule of Civil Procedure 6(e). *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th

Cir. 2005). Applying that presumption here, the Plaintiff received the right-to-sue letter on January 7, 2016. Therefore, he was obligated to file suit within ninety days of that date, *i.e.*, no later than April 6, 2016. But he did not file suit until April 19, 2016—the date stamped "filed" by the Clerk of Court on the first page of his Complaint. Because the Plaintiff did not file a complaint until April 19, 2016, and because he has failed to provide any allegation to rebut the fact that 103 days elapsed from the presumptive date of receipt of the right-to-sue letter to the date of filing suit, his Complaint is untimely.

This ninety-day time limit is non-jurisdictional, however, and is subject to equitable tolling, which permits a court to disregard the late filing under certain circumstances. *Gant v. Jefferson Energy Co-op.*, 348 F. App'x 433, 434 (11th Cir. 2009) (per curiam) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). "[T]raditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances," such as "fraud, misinformation, or deliberate concealment." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). The Plaintiff has alleged nothing that would justify the untimely filing, so the time limit to file his Complaint cannot be tolled.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 3] is **DENIED**, and the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of April, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4